The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MAURICIO A. LEON, M.D.,

    Plaintiff,

    v.

IDX SYSTEMS CORPORATION, a
Vermont Corporation,

    Defendant.

No. CV03-1158P

DECLARATION OF M. EDWARD
TAYLOR IN SUPPORT OF
DEFENDANT'S MOTION RE:
SPOLIATION

I, M. Edward Taylor, declare and say:

1.    I am an attorney with the law firm of Sebris Busto James. I represent IDX in this matter. I have personal knowledge of the matters stated herein.

2.    On April 25, 2003, IDX filed a Declaratory Judgment action seeking a ruling that IDX could terminate Dr. Leon's employment without violating specified federal or state laws. On or about May 20, 2003, Dr. Leon filed an employment discrimination lawsuit in this Court. The two actions were later consolidated by the Court.

3.    On May 5, 2003 Dr. Leon filed a complaint with the U.S. Department of Labor alleging violation of the anti-retaliation provisions of the Sarbanes-Oxley Act.

4.    On April 30, 2003, two days after filing IDX's Declaratory Judgment action, I caused a letter to be faxed and mailed to Dr. Leon's then-attorney, Ricardo Guarnero,

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1  enclosing a courtesy copy of IDX's Complaint and reminding Mr. Guarnero of Dr. Leon's

2  obligation to preserve all evidence in his possession pertinent to his employment and to

3  issues raised in IDX's Complaint. The April 30, 2003 letter also demanded the return of an

4  IDX-issued laptop in Dr. Leon's possession. A true and correct copy of my April 30, 2003

5  letter to Mr. Guarnero is attached to this Declaration as Exhibit A.

6      5.    On May 7, 2003, I wrote a second letter, again requesting the return of the

7  laptop, and asking Mr. Guarnero to inform me by May 12, 2003, as to how Dr. Leon

8  wanted to arrange to have the laptop returned to IDX. A true and correct copy of my May

9  7, 2003 letter to Mr. Guarnero is attached to this Declaration as Exhibit B.

10     6.    Mr. Guarnero responded to my letter on May 8, 2003, by writing to Richard

11 Bednar of the law firm Crowell & Moring, who was also retained by IDX. Mr. Bednar

12 forwarded Mr. Guarnero's letter to me. In the letter, Mr. Guarnero acknowledged that IDX

13 had asked Dr. Leon to return the laptop and inquired whether Dr. Leon could use it if he

14 needed it to participate in an upcoming audit of IDX. A true and correct copy of Mr.

15 Guarnero's May 8, 2003 letter to Richard Bednar is attached to this Declaration as Exhibit

16 C.

17     7.    In response to Mr. Guarnero's letter, I informed him that IDX agreed that

18 Dr. Leon could retain the laptop for the specific and sole purpose of responding to the

19 auditors and that he could retain it only until the auditors had completed their interview of

20 him. I again reiterated Dr. Leon's obligation to preserve data on the laptop. A true and

21 correct copy of my May 9, 2003 letter to Mr. Guarnero is attached to this Declaration as

22 Exhibit D.

23     8.    The IDX audit referenced in my May 9, 2003 letter was ultimately

24 concluded by July 11, 2003. IDX had initially used the accounting firm of Sullivan &

25 Powers, the firm referenced in Guarnero's letter, to conduct the audit, but the accounting

26

DECLARATION OF M. EDWARD TAYLOR IN
SUPPORT OF DEFENDANT'S MOTION RE:
SPOLIATION
NO. CV03-1158P – Page 2

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3600   F 206.516.3888

1    firm of Rubino & McGeehin ultimately concluded the audit. To my knowledge, Dr. Leon

2    did not participate in any way in that audit.

3        9.    During this period Mr. Guarnero was required to withdraw from

4    representation of Dr. Leon.

5        10.    I renewed my efforts to secure the return of the laptop from Dr. Leon's new

6    counsel, Ken Kieffer. By email dated October 24, 2003, Mr. Kieffer responded to a

7    renewed inquiry I made. In that email, Mr. Kieffer acknowledged the evidentiary value of

8    the laptop and the data on it, and agreed to return the laptop "promptly" once the parties

9    agreed on a protocol for electronically copying the contents of the laptop. A true and

10   correct copy of Mr. Kieffer's October 24, 2003 email to me is attached to this Declaration

11   as Exhibit E.

12       I certify under penalty of perjury under the laws of the State of Washington that the

13   foregoing is true and correct.

14       DATED this the 27th of May, 2004, at Bellevue, Washington

15

16   _M. Edward Taylor_

17   M. Edward Taylor

18

19

20

21

22

23

24

25

26

DECLARATION OF M. EDWARD TAYLOR IN
SUPPORT OF DEFENDANT'S MOTION RE:
SPOLIATION
NO. CV03-1158P -- Page 3

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

**Exhibit A**

# SEBRIS BUSTO JAMES
### a professional service corporation

M. Edward Taylor                                                  (425) 460-0288
*etaylor@sebrisbusto.com*

April 30, 2003

**VIA FACSIMILE (206-381-1292) AND U.S. MAIL**
Ricardo Guarnero, Esq.
600 First Ave # 106
Seattle, WA 98104

      Re:   Mauricio Leon

Dear Mr. Guarnero:

      Under cover of this letter please find a courtesy copy of a Complaint filed against your client, Mauricio Leon, in the United States District Court for Western District of Washington.  I assume that you will be representing Dr. Leon in this matter.  If not, please so inform me.

      Given that this action is now pending, I trust you will inform your client that he should retain all documentary and electronic information in his possession or control that concerns IDX, his employment with IDX, and/or the issues raised in the Complaint.  His failure to retain all such information may of course have adverse consequences, including issues arising from despoliation of evidence.

      As your client has been informed, he has been placed on a leave of absence by IDX due to his inability to perform the essential functions of his job.  Accordingly, because the duration of the leave is uncertain, he needs to return to IDX its laptop computer that is in his possession.  IDX can arrange for it to be picked up at his home or, if he prefers, it can be returned to you and I will make arrangements to have it picked up at your office.  Thank you for your cooperation.

      Sincerely,

      SEBRIS BUSTO JAMES

      M. Edward Taylor

Enclosure

**SEBRIS BUSTO JAMES**
14205 S.E. 36th Street • Suite 325 • Bellevue, WA 98006
Telephone: (425) 454-4233 • Fax: (425) 453-9005
www.sebrisbusto.com

Ricardo Guarnero, Esq.
April 30, 2003
Page 2


bcc:   Rob Baker (via e-mail w/o enclosure)
       Brian Lansbury (via e-mail w/o enclosure)

Taylor Decl. Page 6
CV03-1158P

**Exhibit B**

# SEBRIS BUSTO JAMES
a professional service corporation

M. Edward Taylor                                                    (425) 460-2288
*etaylor@sebrisbusto.com*

May 7, 2003

**VIA FACSIMILE AND U.S. MAIL**
Ricardo Guarnero, Esq.
600 First Ave, Suite #106
Seattle, WA 98104

    Re:   *IDX Systems Corp. v. Mauricio Leon*

Dear Mr. Guarnero:

    In my letter to you of April 30, 2003, I requested that you inform me of the manner in which Dr. Leon would like to arrange for the return of IDX's laptop computer that is in his possession. I am sure that Dr. Leon does not intend to attempt to retain property that does not belong to him, and I therefore assume that your failure to address this issue in either of your letters to me in the interim was due to oversight. Accordingly, to avoid any potential misunderstanding on this point, please inform me by May 12, 2003 whether Dr. Leon will allow IDX to arrange a pick up of the computer at his home, or if he would prefer to make other arrangements to ensure its prompt return to IDX in a safe and secure manner.

    Also, in my correspondence of May 5, 2003, I offered several alternatives to address your concerns regarding the issue of the Complaint discussing Dr. Leon's medical condition. Although you continue to raise the issue, you have not elected to pursue any of the alternatives offered, or propose other alternatives. I therefore assume that either the issue is not as significant as you asserted, or that you have made a tactical decision not to attempt to reach a mutually agreeable resolution. Should your position change, please so inform me.

    Sincerely,

    SEBRIS BUSTO JAMES

    M. Edward Taylor

MET/cmk

SEBRIS BUSTO JAMES
14205 S.E. 36th Street • Suite 325 • Bellevue, WA 98006
Telephone: (425) 454-4233 • Fax: (425) 453-9005
www.sebrisbusto.com

Ricardo Guarnero, Esq.
May 7, 2003
Page 2


bcc:     Rob Baker (via e-mail w/o enclosure)
         Brian Lansbury (via e-mail w/o enclosure)

**SEBRIS BUSTO JAMES**
14205 S.E. 36th Street • Suite 325 • Bellevue, WA  98006
Telephone:  (425) 454-4233 • Fax:  (425) 453-9005
www.sebrisbusto.com

**Taylor Decl. Page 9**
CV03-1158P

**Exhibit C**

# LAW OFFICES OF RICARDO A. GUARNERO, P.S.
## ATTORNEYS AT LAW

Attorneys
RICARDO A. GUARNERO
ATTORNEY AT LAW
JONATHON STERN
ATTORNEY AT LAW

Staff
MICHELLE R. REEVE
OFFICE MANAGER

May 8, 2003

Richard J. Bednar
Crowell & Moring
1001 Pennsylvania Avenue, NW
Washington, D.C.  20004-2595

RE:  Mauricio Leon, M.D./IDX
Sullivan, Powers & Co.

Dear Mr. Bednar:

I received a voice-mail message from you today stating that Sullivan Powers & Co is the "outside auditor." In my prior correspondence to you I requested to know whether this was the Federally mandated audit carried out under the auspices of NIST or in complete compliance with NIST guidelines for such audits.[i] I also requested to more information as to the scope of the audit being conducted by Sullivan, Powers & Co. as well as the start date of the audit and whether this audit is separate and apart from the audits referenced in earlier correspondence.  In prior communications to my client, both Larry Krassner and Robert Abarbanel have asserted that "independent audits" were being conducted when in fact no such action was actually taking place.  On January 23, 2003, Dr. Leon received the following email from Robert Abarbanel:

LAW OFFICES OF
RICARDO A. GUARNERO
106 PIONEER BUILDING
600 FIRST AVENUE
SEATTLE, WA 98104

(206) 381-1292
(206) 622-9190 (fax)

www.guarnero.net

Dear Dr. Leon;

As you are aware, the SAGE Project is about to undergo its first-year audit.  As part of the preparation for the audit, we will advise the auditors of your allegations concerning the SAGE Project and will provide them copies of your communications to IDX management which contain those allegations.  We will also advise the auditors that two independent investigations have failed to find any evidence to support the claims you have made.

We believe it is inappropriate for IDX to direct the auditors in any way in the performance of their duties.  Having been made aware of your allegations, they will decide whether or not to speak with you.  If they choose to do so, we will facilitate that contact.  If the auditors do decide to interview you, we will request that a company representative be present and that a careful record be made of the interview.

Is the audit referenced in the January 23rd communication by Mr. Abarbanel in fact the same audit that Sullivan Powers is now conducting?  Will the auditors be making their findings to NIST/ATP?  Why is Dr. Leon being placed on "leave of

Taylor Decl. Page 11
CV03-1158P

Mauricio Leon/IDX
Page 2 of 2;  May 8, 2003

absence at exactly the point in time that the auditors finally make contact with
him?  Local attorney, Ed Taylor has asked that Dr. Leon return the laptop
computer to IDX.  Should he need it to communicate to the auditors can he use it
for that purpose?

Please respond to the foregoing concerns in writing.

As stated previously, we most definitely want to assist in any legitimate audit so
your response the foregoing queries is essential.

Please contact me regarding the foregoing matters.

**Law Offices of Ricardo A. Guarnero, P.S.**


Ricardo A. Guarnero

Cc:  M. Edward Taylor

---

[i]. In accordance with 15 CFR Part 14.26 (c) and (d), for-profit
Recipients shall have a project audit performed no less than once
every two years in accordance with the Generally Accepted
Government Auditing Standards.

c. The Recipient shall submit copies of project audits conducted in
accordance with 15 CFR Part 14.26 (c) an (d), which are required
by the award and included as a line item in the budget of the
award, and program-specific audits conducted under OMB A-133
to the DoC OIG ... with a copy of the transmittal letter to the
Grants Officer...

**Exhibit D**

# SEBRIS BUSTO JAMES

### a professional service corporation

M. Edward Taylor
*etaylor@sebrisbusto.com*

(425) 460-2288

May 9, 2003

**VIA FACSIMILE AND U.S. MAIL**
Ricardo Guarnero, Esq.
600 First Ave, Suite #106
Seattle, WA 98104

      Re:   *Letter to Richard Bednar of May 8, 2003*

Dear Mr. Guarnero:

      I am in receipt of the copy of your letter to Mr. Bednar that you faxed to me. Mr. Bednar has not yet received the letter from your office, but we forwarded a copy to him.

      Please direct all further correspondence regarding Dr. Leon to the undersigned. If your correspondence raises issues within the scope of Mr. Bednar's engagement by IDX, the Company will involve Mr. Bednar as it deems appropriate. Therefore, unless you are informed to the contrary, you should not anticipate any response to communications from you directed to Mr. Bednar.

      Turning to the inquiries in your letter of May 8, 2003, I understand Mr. Bednar informed you by voicemail and in writing that the Sullivan & Powers audit is in fact the required annual audit of the Sage Project that will be provided to NIST.

      Regarding IDX's laptop in Dr. Leon's possession, IDX was not aware that Dr. Leon believes there may be files stored on the computer that he might need to review in order to respond to inquiries from the auditors. Because IDX wants to ensure that Dr. Leon can respond fully to the auditors, it agrees that Dr. Leon can retain the laptop for that specific purpose until after the auditors have completed their interview of him. As soon as the auditors indicate they have obtained from Dr. Leon all information they desire, IDX will expect the return of its laptop. In the meanwhile, I trust you will reinforce to Dr. Leon the need for him to ensure no data on the laptop is lost or corrupted so as to avoid any possible despoliation of evidence.

Taylor Decl. Page 14
CV03-1158P

Ricardo Guarnero, Esq.
May 9, 2003
Page 2


      Finally, in your letter to Mr. Bednar, you inquired whether Dr. Leon being placed on leave had to do with the timing of the audit. Quite to the contrary, as detailed in the response to the request for accommodation provided earlier, Dr. Leon was placed on leave because he cannot (or will not) perform the essential functions of his job. You have been aware for several months that IDX was in the process of making this assessment, and you knew from my correspondence in March and April that IDX was completing the assessment. Further, the conclusion that Dr. Leon cannot or will not perform his essential functions is supported by the facts that he has not provided work product for months and has disregarded directions to provide status reports, and by his decision to effectively abandon his job in Seattle and move to San Diego. Finally, Dr. Leon's leave of absence does not preclude him from providing to the auditors any information they may request. I trust this responds to your inquiries.


                    Sincerely,

                    SEBRIS BUSTO JAMES


                    M. Edward Taylor

MET/cmk

SEBRIS BUSTO JAMES
14205 S.E. 36th Street • Suite 325 • Bellevue, WA 98006
Telephone: (425) 454-4233 • Fax: (425) 453-9005
www.sebrisbusto.com

Ricardo Guarnero, Esq.
May 9, 2003
Page 3


bcc:    Rob Baker (via e-mail w/o enclosure)
        Brian Lansbury (via e-mail w/o enclosure)


Taylor Decl. Page 16
CV03-1158

**Exhibit E**

| | |
|---|---|
| **From:** | **Kieffer, Ken [mailto:KKieffer@gth-law.com]** |
| Sent: | Monday, October 27, 2003 1:02 PM |
| To: | Kieffer, Ken; Ed Taylor |
| Cc: | Malanca, Albert; 'leonvi@san.rr.com' |
| Subject: | RE: |

Ed, I apologize for any confusion caused by my references to Exhibits/electronic filing in my email to you last Friday morning. We will arrange properly to file any Exhibits to the Amended Complaint.

Please let us know when you can respond to the computer-related proposal set forth in my October 24 eamil to you.

Thanks.

Ken Kieffer

-----Original Message-----

| | |
|---|---|
| **From:** | **Kieffer, Ken** |
| Sent: | Friday, October 24, 2003 10:44 AM |
| To: | 'etaylor@sebrisbusto.com' |
| Cc: | Malanca, Albert; 'leonvi@san.rr.com' |
| Subject: | |

LEON v. IDX and DOJ SUBPOENA/LAPTOP COMPUTER/AMENDED COMPLAINT

Good morning, Ed. I have what I believe will be a mutually agreeable and beneficial solution to the return of the computer currently in Dr. Leon's possession.

We all recognize that the computer and the files on it are relevant evidence on a variety of legal fronts. In fact, in many instances the files are the original form of potentially relevant evidence (for example, Dr. Leon's emails were saved and sent from the computer, and draft versions of many technical documents were created on the computer). We propose that Dr. Leon promptly and securely package up the computer and ship it at IDX's expense to our office here in Tacoma. As that process is taking place, I suggest that IDX and Dr. Leon agree upon a third party service to make a complete and accurate copy of all computer files, with the original of the files and a copy to go to IDX (or to your office, on behalf of IDX), and a true and accurate copy to be provided to us on behalf of Dr. Leon. I understand that some of the files/emails on the computer have been encrypted, and we would need assurance that we will maintain access to all such materials (perhaps IDX or the independent third party could sent an unencrypted copy of all of Dr. Leon's email and his calendar to him/us for our review as part of this transfer/copying process, in order to guarantee accuracy and completenesss).

Our office has successfully worked with Joan Feldman of Computer Forensics, Inc. of Seattle on several projects, and I suspect that your office may have worked with that firm, too. I nominate that firm as a strong candidate for this job, and I look forward to your input and views. We would want Dr. Leon, and a representative of IDX, to assist in working

Taylor Decl. Page 18
CV03-1158

out the technical details with whatever third party vendor we may agree upon.

As ordered by the Court earlier this week, we will file an Amended Complaint. I do not anticipate, however, that any of the Exhibits themselves will change from the Complaint now on file. Given the Clerk's new and evolving, but strict, policies on electronic filing, we would like to simply reference and incorporate the Exhibits already on electronic file with the Court when we file the Amended Complaint. We would like to discuss that issue with the Judge's law clerk sometime next week, but we wanted to raise the issue with IDX first. We would, of course, welcome your participation in a call to the law clerk.

I'll call you early next week to discuss the computer issues and the Exhibits. Thanks very much.

Ken Kieffer

Taylor Decl. Page 19
CV03-1158