THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| MAURICIO A. LEON, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> IDX SYSTEMS CORPORATION, a Vermont Corporation, <br><br> Defendant. | Case No. CV03-1158P <br><br> **DEFENDANT IDX'S REPLY IN SUPPORT OF BILL OF COSTS** |

9

10

11

12

13

14      Defendant IDX prevailed on the merits when Plaintiff Leon's case was dismissed and he

15  was sanctioned for destroying evidence. As the prevailing party, IDX is therefore entitled to its

16  costs. Leon's legal arguments that IDX should be denied its costs are based on his

17  misunderstanding of the Local Rules and the authority now vested in the Clerk. Incredibly, Leon

18  also argues that IDX should be denied its right to recover properly taxable costs because Leon

19  was already sanctioned for his wrongful conduct that resulted in the dismissal of his claims.

20  However, the Court awarded IDX these sanctions for its attorney's fees and expert witness

21  expenses incurred in order to uncover and litigate Leon's destruction of evidence, which are

22  wholly separate from the costs to which IDX is entitled as the prevailing party. IDX should

23  therefore be awarded the costs set forth in its cost bill.

24

**REPLY IN SUPPORT OF BILL OF COSTS -1-**

SEBRIS BUSTO JAMES
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
Telephone: (425) 454-4233
Fax: (425) 453-9005

1    **1.    The Sanctions Entered Against Leon are Irrelevant to IDX's Entitlement to Its Costs.**

2

3    In its Order of September 30, 2004, the Court dismissed Leon's claims with prejudice and

4    ordered him to pay $65,000 "to restore IDX to where it would have been had Dr. Leon observed

5    the rules of litigation...." Order at p. 9 (Dkt. # 285). The Order also noted that IDX had

6    submitted a detailed affidavit outlining the expenses it incurred investigating and litigating

7    Leon's spoliation. *Id.* at p. 8. That affidavit (declaration) in turn makes clear that the expenses

8    awarded as sanctions are wholly separate from the costs detailed in IDX's bill of costs. *See*

9    Supplemental Declaration of Angelo Calfo (Dkt. # 259).

10    Leon disregards the mandate of F.R.C.P. 54(d) , which "creates a presumption for

11    awarding costs to prevailing parties...." *Stanley v. Univ. of Southern California,* 178 F. 3d 1069,

12    1079 (9th Cir. 1999). Moreover, Leon cites no legal support for the argument that IDX can or

13    should be denied its taxable costs merely because Leon was sanctioned for litigation misconduct.

14    IDX respectfully submits that the Court's decision to award sanctions would be undercut by

15    denying IDX its costs, which would, in effect, reward Leon for being sanctioned.

16    **2.    IDX's Request for Costs Complies with the Local Rule.**

17    Local Rule 54(d) states that all costs "shall be specified, so that the nature of the charge

18    can be readily understood. The movant shall verify by oath of the party or an agent having

19    knowledge of the facts that such costs and disbursements have been necessarily incurred in the

20    action." CR 54(d)(1). The Rule goes on to provide that "[m]otions for costs shall be decided by

21    the clerk on the pleadings without oral argument unless the clerk specifically directs the parties

22    to appear for a hearing." CR 54(d)(3). Finally, the Rule sets forth specific rules to be observed

23    in taxing costs, and concludes that costs are to be taxed in accordance with, *inter alia*, 28 U.S.C.

24    § 1920. *Id.*

**REPLY IN SUPPORT OF BILL OF COSTS -2-**

SEBRIS BUSTO JAMES
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
Telephone: (425) 454-4233
Fax: (425) 453-9005

1    In its bill of costs, IDX set forth in detail the items of costs it asks the Clerk to award.

2    The cost of each deposition is stated specifically, broken out by deponent.  Likewise, the witness

3    fees are broken out for each witness.

4    IDX set forth its costs of copying, which included the production to Leon of well in

5    excess of 100,000 pages, and IDX heavily discounted the total cost by fifty percent to account

6    for the fact that a portion of the copying costs was not properly chargeable to Leon, such as costs

7    associated with responding to NIST's suspension of payment for the SAGE project and Leon's

8    Sarbanes-Oxley claim.  IDX noted that the copying costs were for the voluminous production of

9    documents sought by Leon, as well as for exhibits, pleadings, documents provided to expert

10    witnesses and the like.  The Declarations make clear these copying costs were necessarily

11    incurred.

12    Leon has cited no authority from this Circuit requiring that each and every photocopy be

13    tracked and itemized separately, and IDX has reduced by fifty percent its costs to fairly reflect

14    that some of the copying related to the other matters initiated by Leon.  Moreover, Leon's cite to

15    *Billings v Cape Cod Child Dev. Prgr.,* 270 F.Supp.2d 175, 178 (D. Mass. 2003) for the

16    proposition that copying costs must be itemized is wholly misleading There, the court said it was

17    difficult to believe the short trial required the amount of photocopying expense that was

18    requested, and because the costs were not itemized, the item was disallowed.  Thus, the court did

19    not disallow copying costs merely because there was no itemization, but rather because the

20    requested costs were excessive.[1]  The instant case has been hotly litigated for over 20 months,

21    and involves over 260 court filings, hundreds of deposition exhibits, ten expert witnesses, twenty

22

23    [1] Leon's reliance on *Zapeta Gulf Marine Corp. v. Puerto Rico Marine Shipping Authority,* 133 F.R.D. 481 (E.D. La. 1990) is also misplaced.  There the party seeking copying costs failed to explain in any respect what the copies were for or how they were used.  IDX has made clear in its filings and declarations of counsel the categories of what was

24    copied and why – and the copy costs related predominantly to responding to Leon's broad discovery requests.

**REPLY IN SUPPORT OF BILL OF COSTS -3-**

SEBRIS BUSTO JAMES
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
Telephone: (425) 454-4233
Fax: (425) 453-9005

1  five depositions, extensive third party discovery, and a huge document production. The

2  associated copying costs are in proportion to the magnitude of the case.

3      Next, IDX itemized each and every fee for service of process. Leon's assertion that he

4  would have agreed to accept process for third parties is not only self-serving, but ignores that

5  Leon does not have the unilateral authority to make such decisions. Notably, Leon does not

6  dispute that the process costs were actually incurred. Finally, as required by CR 54(d), IDX

7  submitted Declarations of its counsel verifying that all of the costs and disbursements were

8  necessarily incurred in the action.[2]

9      Contrary to Leon's assertion, there is no requirement in the governing Rules or statutes

10  that IDX produce a "back-up" or additional "documentation" of the itemized costs. Although

11  IDX can produce itemizations of costs that are reflected in the billing records of its counsel, and

12  even the underlying receipts for external disbursements, the Declarations of M. Edward Taylor

13  and Angelo Calfo make clear that the requested costs were drawn from those very records such

14  that nothing would be gained by deluging the Clerk with unnecessary reams of paper. Of course,

15  if the Clerk requests the underlying documentation, even though Leon has not presented any

16  evidence challenging the fact or necessity of the costs, IDX will produce the same.

17      **3.      The Clerk has the Authority to Tax the Requested Costs.**

18      Local Rule 54(d) makes clear that motions for costs are decided in the first instance by

19  the Clerk. This includes the specific items of cost identified in the Rule, and costs under the

20  general federal cost statute, 28 U.S.C. §1920.

21

22

23  [2] Leon's argument that IDX may not incur copy costs associated with filing motions with the court and serving opposing counsel ignores the fact that most, if not all, the motions and related pleadings in this case were filed and served electronically and therefore there were no associated copy cost.

24

**REPLY IN SUPPORT OF BILL OF COSTS -4-**

SEBRIS BUSTO JAMES
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
Telephone: (425) 454-4233
Fax: (425) 453-9005

1    Leon erroneously argues that the Clerk does not have the authority to tax discretionary

2    costs, such as those for depositions, citing *Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp,*

3    *Inc.,* 260 F.3d 1054 (9th Cir. 2001).  There, the Clerk had refused to award deposition and

4    copying costs on the ground that he lacked authority to do so because the materials had not been

5    used at a trial.  The district court affirmed the award of costs for the reasons stated therein.  The

6    Ninth Circuit in turn held that the district court did have the discretionary authority to award such

7    costs, and that it had erred in failing to exercise its discretion.  The Court did not  address

8    whether by local rule the district court could delegate to the Clerk in the first instance the

9    discretion to award deposition and copying costs.

10    Local Rule 54 (d), was amended after  the *Lu-Mar* decision, and now states that *all*

11    motions for costs are decided by the Clerk, and explicitly authorizes the Clerk to tax "all other

12    costs…in accordance with 28 U.S.C. § 1920" and other statutes.  CR 54(d)(3)(D).  The *Lu-Mar*

13    decision  makes clear that deposition and copying costs are awardable under § 1920, as are

14    witness fees and fees for service of process.  IDX therefore respectfully requests that the Clerk

15    tax the costs submitted by IDX.  If Leon is dissatisfied, he can of course appeal the taxation of

16    costs to the Court.

17

18

19

20

21

22

23

24

**REPLY IN SUPPORT OF BILL OF COSTS -5-**

SEBRIS BUSTO JAMES
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
Telephone:  (425) 454-4233
Fax:  (425) 453-9005

1

2                                    **CONCLUSION**

3          For the foregoing reasons, IDX requests that the Clerk tax against Leon the full amount

4    of the costs set forth in its cost bill.

5                    DATED this 5th day of January, 2005.

6                                    SEBRIS BUSTO JAMES

7                                    By:____/s/ M. Edward Taylor_____
                                     M. Edward Taylor, WSBA #16864
8                                    Lisa N. W. Dublin, WSBA #27241
                                     Richard H. Kaiser, WSBA #33117
9                                    Attorneys for Defendant

10                                   YARMUTH WILSDON CALFO PLLC
                                     Angelo Calfo, WSBA #27079
11                                   **Attorneys for Defendant IDX Systems Corp.**

12

13

14

15

16

17

18

19

20

21

22

23

24

**REPLY IN SUPPORT OF BILL OF COSTS -6-**

SEBRIS BUSTO JAMES
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
Telephone: (425) 454-4233
Fax: (425) 453-9005