1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6
7

MAURICIO LEON,

8
                                    Plaintiff(s),

No. C03-1158P

9
v.

10
IDX SYSTEMS CORPORATION,

ORDER DENYING MOTION FOR
RECONSIDERATION

11
                                    Defendant(s).

12
13
14          This matter comes before the Court on Defendant's Motion for Reconsideration of this

15   Court's Order Denying IDX's Motion to Enjoin Administrative Proceedings (Dkt. No. 327). Having

16   considered the submissions of the parties and the Department of Labor, the Court confirms its

17   previous judgment that no privity exists between Dr. Leon and the Department of Labor that would

18   cause the Court's dismissal of Dr. Leon's civil suit to have a *res judicata* effect as to the Department

19   of Labor's administrative investigation of IDX.  Thus, the Court DENIES Defendant's motion.

                                    BACKGROUND

20          On February 15, 2005, this Court issued an Order declining to enjoin the Sarbanes-Oxley

21   ("SOX") administrative proceedings related to this case because the Court did not find privity

22   between the Department of Labor's ("DOL") Occupational Safety and Health Administration

23   ("OSHA") and Plaintiff Dr. Leon.  Because it did not find privity between these parties, this Court

24   ruled that its dismissal of Dr. Leon's civil action before this Court (case number 03-1158) did not

25
26   have a *res judicata* effect on the administrative proceeding that would justify use of the All Writs'

1    Act to protect this Court's jurisdiction.  In making this ruling, the Court confused the SOX whistle-

2    blower investigation before OSHA with the ongoing *qui tam* action (case number 02-2263) that is

3    also relates to this matter, but which is based on the False Claims Act ("FCA").  The Court called for

4    Plaintiff's and the Department of Labor's responses to Defendant's Motion for Reconsideration in

5    order to ascertain whether or not this mistake had tainted its previous decision.  The analysis below

6    corrects any confusion that may have resulted from the previous order.  Although Defendant was

7    correct to point out the fact that the Court had confused the *qui tam* action with the administrative

8    action, the conclusion the Court reaches on the issue of privity remains the same.

9        In its previous Order, this Court acknowledged that it could apply the All Writs' Act, 28

10   U.S.C. §1651, to enjoin the administrative proceedings before the DOL, if it determined that *res*

11   *judicata* applies.  The Court also determined that for *res judicata* purposes a sanction dismissal, such

12   as the one in this case, constitutes a final judgment on the merits.  The Court will not revisit these

13   determinations here. Instead, the Court will only address its previous decision on privity and the

14   possibility that the previous decision could lead to duplicative litigation.

15                              ANALYSIS

16   **A.  Privity**

17       Defendant IDX argues that privity exists in this case and should bar OSHA's administrative

18   investigation into Dr. Leon's allegation under SOX that IDX discriminated against him for being a

19   whistle-blower.  Privity exists between parties where "'the relationship between one who is a party on

20   the record and another is close enough to include that other within the res judicata.'" EEOC v. U.S.

21   Steel Corp., 921 F. 2d 489, 493 (3rd Cir. 1990). (quoting Bruszewski v. U.S., 181 F. 2d 419, 423 (3rd

22   Cir. 1950)).  IDX's argument that privity exists between OSHA and Dr. Leon rests on its observation

23   that the SOX statute does not provide an independent civil cause of action for OSHA in whistle-

24   blower cases.

25       In particular, Defendant attacks the Court's opinion for relying on the courts' decisions in

26   Secretary of Labor v. Fitzsimmons and EEOC v. Goodyear Aerospace, which held that government

1    agencies represent not just the interests of the party bringing an administrative complaint, but also the

2    broader public interests protected by those agencies.  Fitzsimmons, 805 F. 2d 682, 689 (7th Cir.

3    1986); Goodyear, 813 F. 2d 1539, 1543 (9th Cir. 1987).  Defendant argues that these cases involved

4    the ERISA and Title VII statutes, both of which give the administrative agencies who monitor them a

5    private right of action in federal court.  See 29 U.S.C. §1132(a)(2); 42 U.S.C. §2000e-5(f).

6         Although Defendant is correct in stating that SOX gives no right to OSHA to bring an

7    independent action in federal court regarding whistle-blower discrimination, IDX does not adequately

8    address the right that SOX *does* give OSHA to, "participate as a party or. . .participate as *amicus*

9    *curiae* at any time in the [administrative] proceedings."  29 C.F.R. §1980.108(a)(1).  This right

10   encompasses the agency's ability to independently petition for review of a settlement agreement

11   between the complaining party and the party against whom the complaint has been lodged.  Id.  The

12   power to challenge an agreed-to settlement belies IDX's contention that OSHA serves as a "mere

13   proxy" for the complaining party when the agency chooses to act as an intervenor or in its amicus

14   curiae capacity.  On the contrary, the right to ask for review of a settlement between two otherwise

15   private parties demonstrates the independent interest OSHA has in seeing that the SOX whistle-

16   blower provisions are administered in a way that protects the public's interest in securities regulation.

17        In an analogous case, an administrative law judge found that the fact that OSHA retains these

18   powers to intervene in a DOL adjudication of a SOX whistle-blower case demonstrates that OSHA

19   maintains a sufficient independent interest to defeat the privity requirement of *res judicata*. Gonzales,

20   2004-SOX-39 (ALJ Aug. 9, 2004).  The case at issue in Gonzales was brought under the Florida

21   whistle-blower statute in U.S. district court because of diversity between the parties. Id. The

22   defendant in Gonzales unsuccessfully sought to have the related SOX administrative adjudication

23   dismissed because of the pending court case. Id.  Similarly, the dismissal of Plaintiff Leon's civil

24   claims against IDX due to Leon's spoliation of evidence does not provide a basis for halting OSHA's

25   investigation into IDX's alleged SOX violations.

26   **B.  Duplicative Litigation**

1   Defendant IDX also asserts that failing to enjoin OSHA's administrative proceeding will result

2   in costly, duplicative litigation.  The DOL points out, however, that OSHA is still in the investigative

3   stage of its inquiry into Dr. Leon's allegations against IDX.  No litigation before an administrative

4   law judge has begun.  The agency argues that *res judicata* principles can only apply to adjucative, not

5   investigative proceedings.  (DOL Letter, March 11, 2005 at 2).  The DOL bolsters its position by

6   citing to a Second Circuit case that struck down a District Court's preliminary injunction against an

7   OSHA whistle-blower investigation on the basis that OSHA's investigation was "an investigation, not

8   an adjudication."  Connecticut Dept. Of Environmental Protection v. OSHA, 356 F. 3d 226 (2nd Cir.

9   2004).  Although the basis for the Connecticut plaintiff's request for an injunction was based on

10  sovereign immunity issues, rather than *res judicata* principles, the analysis here is similar—it would be

11  premature to enjoin the OSHA investigation for fear of duplicative litigation, where no litigation has

12  yet begun.

13      Finally, the DOL made the point in its first letter to this Court regarding this matter that

14  should OSHA's investigation get to the stage that the parties are faced with litigation before an

15  administrative law judge, IDX will have the chance to present that judge with its *res judicata*

16  arguments.  This Court's use of its extraordinary All Writs' powers before that moment is premature.

                              CONCLUSION

18      The Court finds that privity does not exist between Dr. Leon and OSHA.  For this reason,

19  there is no *res judicata* effect from this Court's decision to dismiss Dr. Leon's civil action that would

20  allow the Court to enjoin the DOL's administrative investigation into Dr. Leon's SOX allegations.

21  Defendant's Motion for Reconsideration is DENIED.

22      The Clerk is directed to send copies of this order to all counsel of record.

23      Dated: April 7, 2005.

24                                      /s/ Marsha J. Pechman_____
                                        Marsha J. Pechman
25                                      United States District Judge

26